· (No. 4206- 

LYNN VAUGHN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

M. J. HANAGAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent. ·

DELANEY, J.

· Claimant, Lynn Vaughn, was employed on January 26, 1949, at the Elgin State Hospital, Elgin, Illinois, in the capacity of an attendant. On said date he was supervising patients, who were inmates of said hospital. During the breakfast hour, while supervising the patients going to breakfast, he was holding an iron door open, and a patient, trying to get by the claimant, slammed the iron door on his right hand. A short time later claimant's hand began to swell, and he went to the hospital. His hand was X-Rayed, and the examination disclosed a fracture of the fifth metacarpal. A plaster cast was administered, but hospitalization was not necessary. Dr. L. L. Love testified that he examined the claimant on May 16, 1949, and again on October 4, 1949, and found stiffness in the fourth and fifth fingers, with flexion almost absent in the fourth and fifth fingers, and partially absent in the first and second fingers of his right hand. Dr. Love further testified that the entire right hand appeared stiff, and that claimant was unable to make a fist. While claimant was recovering from his hand injury he developed a heart condition; however, the evidence does not

disclose any connection between the heart condition and his employment.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of the employment.

The record consists of the complaint, the departmental report, supplemental departmental report, waiver of briefs of respondent and claimant, and transcript of the testimony.

Evidence shows that claimant entered the employment of respondent on December 6, 1948. The evidence further shows that claimant received the following payments as salary from respondent: December, $113.23; January, $135.00; February, $135.00; and March, $4.35, or a total salary of $387.58. The evidence further indicates claimant has a twenty (20) per cent permanent loss of use of his right hand as a result of the accident. For such permanent loss of use of right hand, under Section 8, Paragraph (e) 12, the claimant should receive from the respondent, the compensation rate, $19.50 per week for 34 weeks. Claimant received the sum of $161.13 as salary from January 27 to March 15, 1949, inclusive, a period of 6 6/7 weeks; 6 6/7 weeks at the compensation rate of $19.50 per week amounts to $133.71. Claimant, therefore, received an overpayment of $27.42 for nonproductive time.

An award is, therefore, made to claimant, Lynn Vaughn, in the sum of $663.00, less overpayment for nonproductive time of $27.42, or the sum of $635.58, all of which has accrued and is payable forthwith.

Vivian Kirk was employed to take and transcribe the evidence at the hearing before Commissioner Summers. Charges in the amount of $20.00 were incurred for these

services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Vivian Kirk in the amount of $20.00, payable forthwith.

Henry P. Keefe was also employed to take and transcribe the evidence at a subsequent hearing before Commissioner Summers. Charges in the amount of $9.40 were incurred for these services, which charges are fair, reasonable and customary. An award is, therefore, entered in favor of Henry P. Keefe in the amount of $9.40, payable forthwith.

This award is subject to the approval of the Governor as provided in Section 3 of ''An Act concerning the payment of compensation awards to State employees.''